IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANE A. KITTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-290-SMY-RJD |
| | ) | |
| JASON GARNETT and YOLLANDA HARRINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on several pending motions filed by Plaintiff Shane Kitterman (Docs. 38, 45, 49, 50, 51, 53, and 58). The Court has reviewed Plaintiff's motions and any responses thereto, and finds as follows.

1. **Motion for Leave to Amend as to Counts that Survived Screening (Doc. 38)**

In this motion, Plaintiff asks the Court to incorporate additional factual allegations that he believes should have been included in the Court's 28 U.S.C. §1915A screening order. Plaintiff fails to set forth all of his factual allegations and claims in his proposed amendment. Because the Court does not allow amendment of a complaint by interlineation (consistent with Federal Rule of Civil Procedure 8(a)), his motion is **DENIED**. Plaintiff is **ADVISED** that any motions to amend his complaint must be accompanied by a proposed amendment that incorporates all of the factual allegations and claims he seeks to proceed on in this action.

2. **Omnibus Motion (Doc. 45)**

Plaintiff asks the Court for clarification of joinder of Global Tel-Link Corporation and asks if it has been served. Plaintiff also asks for clarification regarding his motion to amend (Doc. 38).

Insofar as Plaintiff seeks clarification regarding the above-mentioned issues, his Motion is **GRANTED**. Plaintiff is **ADVISED** that Global Tel-Link Corp. was dismissed from this action without prejudice in the Court's threshold order and, as such, it will not be served. Plaintiff is further **ADVISED** that his motion to amend has been denied for the reasons set forth above.

3. **Motion for Leave to Amend the Complaint (Docs. 49 and 50)**

In his April 9, 2018 filing, Plaintiff seeks leave to amend his complaint (Plaintiff's filing is Doc. 49; however, the motion to amend is filed as Doc. 50 and refers to the filing at Doc. 49). In particular, Plaintiff asks to revive the claims that were dismissed without prejudice against Global Tel-Link Corp., John Baldwin, and Ciara Hall.

By way of background, Plaintiff proceeds in this action on a First Amendment claim against Warden Garnett and Assistant Warden Harrington for retaliating against him because he pursued claims against the Defendants in Illinois state court for damages he suffered as a result of Big Muddy Correctional Center's video visitation program. Defendants GTL, Baldwin, and Hall were dismissed without prejudice from this claim. In his complaint, Plaintiff alleges that he was issued a used/defective MP3 player that was necessary to participate in a video visitation program established by the IDOC by way of contract with Global Tel-Link Corp. After he complained about the state of the device and the visitation program, he contends he was subject to retaliation.

In the Court's screening order, it dismissed with prejudice the following claims:

Count One: Fourteenth Amendment claim against GTL, IDOC Director Baldwin, Warden Garnett, Assistant Warden Harrington, and Ciara Hall for denying Plaintiff access to video visitation with his family by providing him with a used and/or defective MP3 player that was necessary to participate in the program.

Count Four: Fourteenth Amendment claim against Warden Garnett, Assistant Warden Harrington, and IDOC Director Baldwin for failing to take action on Plaintiff's grievances and complaints regarding Big Muddy's video

> visitation program.

The Court also dismissed the following claim without prejudice:

> Count Three: Illinois state law claims for fraud against GTL, IDOC Director Baldwin, Warden Garnett, Assistant Warden Harrington, and Ciara Hall, including a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

At the outset, the Court notes that Plaintiff's proposed amended complaint does not comport with Local Rule 15.1. By Local Rule, all new material in an amended pleading must be underlined. Here, Plaintiff's proposed amendment did not include any underlined material.

Turning to Plaintiff's amended allegations, the Court notes that insofar as Plaintiff is attempting to reinstate Counts One or Four, such request must be denied as these claims have been dismissed with prejudice and he is therefore foreclosed from reasserting the same.

With regard to Count Two, the claim that is currently pending in this action, the Court finds that Plaintiff is attempting to name as additional defendants GTL, Baldwin, and Hall. Similar to the Court's previous finding, Plaintiff has failed to explain how GTL, Baldwin, or Hall was responsible for the punishment Plaintiff claims was retaliation for filing grievances and Plaintiff cannot rely on bald or conclusory allegations. Accordingly, the Court finds the allowing Plaintiff to amend his complaint to name these additional defendants in Count Two would be futile.

Similarly, with Count Three, Plaintiff has failed to address the Court's previous concerns regarding his attempt to proceed on state law claims in this action. It is still not apparent that Plaintiff intends to pursue Illinois state law fraud claims and, even if he did, that those claims would not trigger application of 28 U.S.C. § 1367(c), which provides that a court may decline to exercise supplemental jurisdiction over a claim if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. For these reasons, the Court finds that allowing Plaintiff to amend his complaint to add the Illinois state law claims would be futile.

It is not clear whether Plaintiff seeks leave to include any additional claims beyond those discussed above. For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint (Docs. 49 and 50) is **DENIED**.

4. **Motion to Withdraw Request to Substitute Judge (Docs. 49 and 51)**

Plaintiff moves to withdraw the motion for substitution of judge, however, Plaintiff's motion for substitution of judge was denied on January 18, 2018 (Doc. 32). Accordingly, his motion to withdraw is **MOOT**.

5. **Motion for Order to Take Deposition (Doc. 53)**

Plaintiff asks the Court for an order to take the "recorded" deposition of Defendants Garnett and

Harrington. Plaintiff's Motion is **GRANTED IN PART**. Plaintiff may depose parties and non-parties by using the procedures outlined in Federal Rules of Civil Procedure 30 and 31. However, Plaintiff must make all arrangements and serve all necessary notices. To that end, Plaintiff should determine which stenographer he wishes to use and make financial arrangements with him/her. Plaintiff shall also complete the necessary notice as required by the Rules (with a time/date section left blank). Plaintiff shall submit to the Court: 1) a copy of the notice he intends to serve; and, 2) the name and contact information for the stenographer he intends to use (who may expect prepayment of fees). Once the Court has reviewed the material and contacted the stenographer, a time and date shall be set for the witness and Plaintiff will be required to serve notice. The Court will assist Plaintiff in coordinating the time/date of the deposition with the stenographer/witnesses and shall issue a writ for Plaintiff's and/or witness' appearance (by video-conference). The deposition shall occur at the Federal Courthouse in Benton, Illinois (or, with respect to a Defendant, at a mutually acceptable location). Plaintiff is informed that the Court is without authority to pay litigation costs (including the costs of depositions), as such, he must make arrangements to pay such costs prior to the taking of any deposition. Any depositions must be completed by the March 29, 2019 discovery deadline.

6. **Motion for Subpoena Forms (Doc. 58)**

Plaintiff's Motion for Subpoena Forms is **GRANTED**. Under Federal Rule of Civil Procedure 45, the Clerk must issue a subpoena at the request of a party. However, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in order to ensure that the Court's subpoena power is not being abused. FED. R. CIV. P. 26(b)(2)(C), 45(c); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). Accordingly, the Clerk is **DIRECTED** to provide plaintiff with one subpoena form (AO88B), blank and unsigned.

Plaintiff shall complete the form and submit it to the Court for review. Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to the claims or defenses.

**IT IS SO ORDERED.**

**DATED: June 25, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**