IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-290-SMY-RJD |
| | ) |
| JASON GARNETT and | ) |
| YOLLANDA HARRINGTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Reona J. Daly, recommending the denial of Plaintiff's motions for temporary restraining order and/or preliminary injunctive relief (Docs. 37 and 42) (*see* Doc. 70). Plaintiff filed a timely objection (Doc. 71). For the following reasons, the Court **ADOPTS** Judge Daly's Report and Recommendation in its entirety.

## Background

Plaintiff Shane Kitterman, an inmate currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed this lawsuit for deprivations of his constitutional rights. Specifically, Kitterman alleges that Defendants Jason Garnett and Yollanda Harrington retaliated against him in violation of his First Amendment rights by transferring him from Big Muddy Correctional Center to Shawnee after he pursued claims in Illinois state court for damages he suffered as a result of Big Muddy's video visitation program. Kitterman claims the transfer has adversely affected him in numerous ways – he is now farther away from his family, has been prevented

from participating in substance abuse classes,[1] and has been denied participation in the Mandatory Supervised Release Program and will remain incarcerated for a longer period of time as a result. Kitterman moves the Court to order Defendants to transfer him to a prison "comparable in structure and distance" to Big Muddy.

On July 12, 2018, Judge Daly held a hearing on Kitterman's motions. Her Report and Recommendation details the nature of the evidence presented by the parties as well as the applicable law. Kitterman testified that he is participating in a substance abuse treatment program, but that it is not comparable to the one offered at Big Muddy. He also testified that he no longer has a job – resulting in a $28 per month loss in wages. Judge Daly concluded that Kitterman failed to establish the elements required to obtain either a temporary restraining order or a preliminary injunction (*see* Doc. 70). Specifically, Judge Daly was not persuaded that Kitterman will suffer irreparable harm in the absence of a transfer, and she found Kitterman's preference for certain programs at Big Muddy were insufficient to warrant a preliminary injunction. She also credited the testimony of Glenda Wortley, an assignment coordinator for the IDOC, who testified that Kitterman was transferred to alleviate risks to him pending an investigation of threats of retaliation he received at Big Muddy. Wortley explained that both Shawnee and Big Muddy are medium security facilities and that the transfer was not used as a punishment. Judge Daly also concluded that Kitterman did not demonstrate irreparable harm or a likelihood of success on the merits of his retaliation claim against Harrington and Garnett.

Since Kitterman filed a timely objection, the undersigned must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which

---

[1] Kitterman asserts he would have been able to participate in the Program if he remained at Big Muddy.

specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*. Consistent with these standards, the Court has reviewed Judge Daly's Report and Recommendation *de novo*.

## Discussion

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders. The primary difference between a temporary restraining order ("TRO") and a preliminary injunction is that a TRO may be issued "before the adverse party can be heard in opposition." FED. R. CIV. P. 65(B)(1)(c). In this case, Defendants had an opportunity to be heard and fully briefed the issue. As such, Judge Daly correctly construed Kitterman's motion for temporary restraining order as a motion for preliminary injunction.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Kitterman has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*,

682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Kitterman does not make specific objections to the Report and Recommendation. Instead, he generally objects to the Report in its entirety, asserting that "it is inconsistent with basic principles of fairness and it fails to protect the status quo of the parties pending the outcome of the cause of action." Kitterman has not raised any new arguments in his Objection. He simply reiterates the same allegations raised in his previous pleadings and at the June 12, 2018, hearing.

Kitterman's allegations and assertions were carefully considered by Judge Daly in her Report and Recommendation. The undersigned agrees with Judge Daly's findings and conclusions and finds it unnecessary to elaborate further on the bases for those conclusions. The essential point is that Kitterman has failed to proffer any evidence establishing that he faces imminent, irreparable harm due to the actions of the named defendants. Kitterman's desire to be closer to his family and preference for a particular prison job or substance abuse program are insufficient to warrant granting a preliminary injunction. Nor do his allegations justify the invocation of an extraordinary remedy that would necessarily interfere with the administration of the prison system.

After thoroughly reviewing the record before it, the Court finds that the factual findings and analysis in the Report and Recommendation are both thorough and accurate. Accordingly,

the Court **ADOPTS** Judge Daly's Report and Recommendation (Doc. 70) in its entirety; Kitterman's motions for temporary restraining order and/or preliminary injunction (Docs. 37 and 42) are **DENIED.**

**IT IS SO ORDERED.**

**DATED: September 10, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**